[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10871

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFREY MICHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20363-KMM-1

_____

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Michel appeals his conviction for possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He contends § 922(g)(1) is unconstitutional under the Commerce Clause and the Second Amendment, both facially and as applied to his conduct. The Government, in turn, has moved for summary affirmance. After review,[1] we grant the Government's motion for summary affirmance and affirm.

Our binding precedent holds that 18 U.S.C. § 922(g) is constitutional both under the Commerce Clause and the Second Amendment. In *United States v. McAllister*, we held "§ 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause," explaining the statute's requirement of a connection to interstate commerce was sufficient to satisfy the "minimal nexus" requirement of the Commerce Clause. 77 F.3d 387, 389-91 (11th Cir. 1996). The Government proves a "minimal nexus" to interstate commerce if it demonstrates—as Michel concedes it did here—the firearm was manufactured outside of the state where the offense took place and, thus, necessarily traveled in interstate commerce. *United States v. Wright*, 607 F.3d 708, 715-16 (11th Cir. 2010). And in *United States v. Dubois*, ___ F.4th___, 2025

---

[1] We review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

WL 1553843 at *3 (11th Cir. June 2, 2025), we reaffirmed our earlier precedent in *United State v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Dubois*, 2025 WL 1553843 at *3, *Rozier*, 598 F.3d at 771.

Michel concedes his Commerce Clause arguments are foreclosed by this Court's binding precedent. And our binding precedents in *Dubois* and *Rozier* similarly foreclose his Second Amendment arguments. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (stating the prior panel precedent rule requires us to follow a prior binding precedent unless and until it is overruled by the Supreme Court or by this Court sitting en banc).

Because the Government is clearly correct as a matter of law that § 922(g)(1) is constitutional under the Commerce Clause and the Second Amendment both facially and as applied to Michel, we GRANT its motion for summary affirmance. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

**AFFIRMED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.